UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS, et al., | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 23-30134-MGM |
| SHARIF SAYYID EL BEY, *a/k/a Matthew Davila*,[1] | * * * * | |
| Defendant. | * * | |

ORDER

January 8, 2024

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

On December 27, 2023, Sharif Sayyid El Bey, who is representing himself, filed two notices for removal of a pending state court criminal prosecution against him in Palmer District Court for driving with a suspended license and refusing to identify himself to law enforcement. *See Commonwealth v. Matthew Davila*, 2343CR001719 (Palmer Dist. Ct. Mass.). With the notices of removal, El Bey filed a civil rights complaint against the two officers involved in the traffic stop which resulted in the criminal charges against El Bey.[2]

---

[1] The court recognizes that El Bey no longer identifies himself with the name Matthew Davila. Because El Bey is attempting to remove a state criminal prosecution in which he is identified as Matthew Davila, the court includes Matthew Davila in the caption of this case solely for administrative reasons.

[2] The complaint does not contain any factual allegations. It appears that it is meant to be considered in conjunction with the factual allegations and legal assertions in the notices of removal and other papers El Bey filed at the initiation of this case.

For the reasons set forth below, the Court REMANDS the state criminal prosecution to the Palmer District Court and terminates this action. Any claim for civil rights that can be gleaned from El Bey's filings will be addressed in *El Bey v. Commonwealth*, C.A. No. 24-30003-KAR (D. Mass.), and a copy of this Order shall be docketed in that action.[3]

## II.  LACK OF REMOVAL JURISDICTION

In the notices of removal, El Bey purports to remove the criminal proceeding pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Dkt. No. 1 at 1, 8). These statutes concern a federal district court's subject matter jurisdiction over certain "civil actions," 28 U.S.C. § 1332, and the removal of a "civil action" from state to federal court, 28 U.S.C. §§ 1441, 1446. As El Bey seeks to remove a *criminal* action, these statutes concerning the removal of *civil* actions do not permit the removal he purports to effect.

The only federal statute that authorizes the removal of a state criminal prosecution to a federal district court is 28 U.S.C. § 1443, which provides for the removal of any civil action or criminal prosecution (1) "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"; and (2) "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(1)-(2).

---

[3] Even if factually related, matters concerning the removal of a state criminal prosecution and a civil rights complaint are procedurally distinct and ideally not adjudicated in a single case. Thus, the issue of removal and the civil rights complaint will be addressed in separate actions. The scope of this action, Civil Action No. 23- 30134, shall be limited to the question of removal of the state court criminal prosecution. The civil rights complaint shall be addressed in *El Bey v. Commonwealth*, C.A. No. 24-30003-KAR (D. Mass.), which El Bey commenced on January 4, 2024 and which is substantially similar to the present action.

The pending criminal prosecution against El Bey does not fall in the scope of removals permitted under 28 U.S.C. § 1443. An action may be removed under 28 U.S.C. § 1443(1) only if a defendant shows that (1) "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "the removal petitioner is denied or cannot enforce the specified federal rights in the courts [of the state]." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotation marks and citations omitted). The second condition "normally requires that the denial be manifest in a formal expression of state law such as a state legislative or constitutional provision." *Id.* (internal quotation marks and citation omitted). Here, nothing in El Bey's filing indicates that either requirement for jurisdiction under 28 U.S.C. § 1443(1) has been met.  Further 28 U.S.C. § 1443(2) is of no avail to El Bey because he is not being prosecuted for an "act under color of authority."

### III.  ORDER OF REMAND

Accordingly, this action is REMANDED to the to the Palmer District Court. The Clerk is directed to enter an order of remand immediately, promptly notify the Palmer District Court in accordance with 28 U.S.C. § 1447(c), and close this action.

The motion to proceed *in forma pauperis* (Dkt. No. 2) shall be terminated as moot.

It is So Ordered.

  /s/ Mark G. Mastroianni      
MARK G. MASTROIANNI
United States District Judge